MAX LAZAROWITZ and JACOB GRANOWITZ, Copartners Doing Business under the Firm Name and Style of KNICKER-BOCKER SILK COMPANY, Appellants, *v.* THE WOLF COMPANY, Respondent.

First Department, March 5, 1920.

**Trial — calendar — placing case on special calendar for trial in New York county — pleadings from which nature of action to be determined.**

In determining whether an action is one for goods sold and delivered so as to entitle the plaintiff, as a matter of right, to have the case placed on the special calendar for trial under rule VI, subdivision 1, of the rules regulating the New York County Trial Term, the character of the action is to be determined by the complaint, and is not affected by the defenses or counterclaims, especially where they are triable by a jury.

APPEAL by the plaintiffs, Max Lazarowitz and another, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 3d day of February, 1920, denying plaintiffs' motion to place the case upon the special calendar for trial.

*I. Gainsburg,* for the appellants.

*Isadore Shapiro* of counsel [*Guggenheimer, Untermyer & Marshall,* attorneys], for the respondent.

PAGE, J.:

While we are reluctant to interfere with the control of the calendars by the justices of the Trial and Special Terms, we feel that we should do so where their action is based upon a misconception of the rules established by this court. In 1916, because of complaints that had been made to us by members of the bar, of the prejudicial delay in the trial of actions for goods sold and delivered, upon the regular contract calendar, and having ascertained from the justices who had held Trial Term, Part II, that such cases could, without detriment to the classes of cases that had theretofore been tried therein, be placed upon the special calendar and tried in Part II, we amended the rules to provide that such actions should be included in the class of cases, in which the nature of the action entitled the plaintiff, upon motion, to have his case placed upon such calendar as a

matter of right. (Rules for Regulation of Trial Terms of Supreme Court, First Judicial District, New York County, rule VI, subd. 1.)

The character of the action is to be determined by the complaint, and is not affected by the defenses or counterclaims of the defendant, especially where these latter are triable by a jury. (*F. & D. Co.* v. *Uppercu,* 163 App. Div. 879.)

The order will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted. Settle order on notice.